# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **SONET TRANSPORTATION AND LOGISTICS, INC.,** | Case No.: 1:19-cv-00208-TSB |
| Plaintiff, | Judge:  Timothy S. Black |
| -v- | |
| **BUSH TRUCK LEASING, INC., et al.,** | **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Bush Truck Leasing, Inc. and Vehicle Titling Trust, by and through counsel, hereby respectfully submit this Motion to Dismiss all claims brought against them in Plaintiff Sonet Transportation and Logistics, Inc.'s Complaint. As set forth in the accompanying Memorandum in Support, the Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Gregory M. Utter*
Gregory M. Utter (32528)
Jacob D. Rhode (89636)
Amanda B. Stubblefield (97696)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513.579.6400
Fax: 513.579.6457
gmutter@kmklaw.com
jrhode@kmklaw.com
astubblefield@kmklaw.com

*Attorneys for Bush Truck Leasing, Inc.
and Vehicle Titling Trust*

## **MEMORANDUM IN SUPPORT**

Plaintiff Sonet Transportation and Logistics, Inc. originally filed this action in the United States District Court for the Southern District of California. Defendants Bush Truck Leasing, Inc. ("BTL") and Vehicle Titling Trust ("VTT") subsequently filed a Motion to Transfer Venue to the Southern District of Ohio, or alternatively, to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). On January 24, 2019, the Southern District of California granted Defendants' Motion to Transfer Venue based on the parties' contracts, which contained valid forum-selection clauses, and for the convenience of the parties and witness and in the interests of justice. (Doc. # 17). In addition to transferring venue, the Court also denied the other pending motion—Defendants' Motion to Dismiss for Failure to State a Claim—as moot and instructed the Clerk of Court to transfer the action to this District.

On March 18, 2019, this case was transferred to the Southern District of Ohio. (Doc. # 18). Now that this action is pending in the proper venue, the Defendants hereby renew their previously filed Motion to Dismiss and respectfully request that the Court dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.      FACTUAL BACKGROUND**

BTL is an Ohio company engaged in the business of financing and leasing commercial vehicles to independent contractors involved in pick-up, delivery, and transportation service. Because it can be cost prohibitive for independent contractors to purchase and lease trucks, BTL bridges the gap between independent contractors' financial constraints and the needs of delivery and transport companies by financing and leasing trucks. Between March and November 2015, Plaintiff and Defendants (sometimes referred to collectively as the "Parties") entered into lease agreements for that purpose, twenty-eight of which are at issue in this lawsuit. (Doc. #1-2). Twenty-six of these lease agreements were entered into between BTL and Plaintiff, and the

remaining two lease agreements were entered into between VTT and Plaintiff.

In August 2018, with no advance notice of any alleged issues, Plaintiff breached the lease agreements by failing to make the required monthly payments to Defendants. Shortly thereafter—on September 21, 2018—Plaintiff filed suit against BTL and VTT. *See* (Doc. # 1). Plaintiff's Complaint asserts three causes of action: (1) fraudulent concealment/failure to disclose, (2) breach of fiduciary duty, and (3) breach of good faith and fair dealing. *Id.* at ¶¶ 35-58.

According to Plaintiff, the leased trucks began experiencing problems in the beginning of 2016, more than three years ago, and approximately one year after the first lease agreements were executed. *Id.* at ¶ 17. The culprit, Plaintiff claims, is a defect in engines manufactured by Cummins, Inc. *Id.* at ¶¶ 16-19. Specifically, Plaintiff alleges that faulty ceramic-coated fuel pump components prematurely disintegrated and failed, causing engines to inexplicably stall and rendering the leased trucks useless. *Id.* at ¶¶ 17, 19, 38. Plaintiff does not (and cannot) allege that Defendants are responsible for the allegedly defective condition of the fuel pumps in Cummins' engines. And Plaintiff admits in its Complaint that it assumed responsibility for the maintenance and repair of the leased trucks. *Id.* at ¶¶ 14, 50, 57. The lease agreements attached to Plaintiff's Complaint clearly and expressly demonstrate this, and also state that Plaintiff willingly assumed the risk of any loss or damage to the leased the trucks. *See, e.g.*, (Doc. # 1-2 at PageID # 20-21, §§ 6, 9, 15).

Nevertheless, Plaintiff now seeks to convert its own contractual obligations into tort duties for Defendants. Plaintiff's allegations that Defendants committed fraud and other tortious wrongdoing are demonstrably false. This Court, however, need not ever reach the underlying merits of Plaintiff's claims because Plaintiff fails to state any claim upon which relief can be granted. Therefore, BTL and VTT respectfully request that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     ARGUMENT

### A.     Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the complaint need not contain "detailed factual allegations," it must contain more than mere "labels and conclusions." *Id*. Put another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, courts "accept as true all well-pleaded factual allegations and construe them in the light most favorable to the plaintiff." *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). But "to survive a motion to dismiss, the 'complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.'" *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

The Plaintiff's Complaint fails in both respects. It fails to set forth cognizable legal theories and it also fails to put forth the kind of factual allegations that "nudge" Plaintiff's "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, Plaintiff's Complaint must be dismissed.

### B.     Choice of Law

Before addressing the legal and factual insufficiency of Plaintiff's Complaint, a procedural issue deserves attention: choice of law. "A federal court sitting in diversity must apply the choice-

4

of-law rules of the forum state."[1] *Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383, 389 (6th Cir. 2017) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Therefore, Ohio's choice-of-law rules govern in this case. If the parties have agreed in advance that a particular jurisdiction's law will govern their disputes—as the Plaintiff and Defendants have here—"Ohio choice-of-law principles strongly favor upholding the chosen law of the contracting parties." *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 715 (6th Cir. 2015) (citing *Tele-Save Merch. Co. v. Consumers Distrib. Co., Ltd.*, 814 F.2d 1120, 1122 (6th Cir. 1987)).

In this case, the Parties' business relationship is governed by twenty-eight contracts—each of which contains a broad choice-of-law provision.[2] The majority of those leases contain the following choice-of-law provision:

> This Lease takes effect upon its acceptance and execution by Lessor, and shall be governed, interpreted and construed under the laws of the State of Ohio. Ohio law shall prevail in the event of any conflict of law without regard to, and without giving effect to, the application of choice of law rules.

*See* (Doc. # 1-2 at PageID # 23). A small number of the Parties' lease agreements contain an identical provision, selecting Delaware law instead. *See id.* at PageID # 28. Under Ohio law, the parties' choice of law should be given effect unless Restatement (Second) of Conflict of Laws § 187 dictates otherwise. *See Schulke Radio Prods., Ltd. v. Midwestern Broad. Co.*, 453 N.E.2d

---

[1] When a case is transferred under 28 U.S.C. the transferee forum is typically required to apply the choice-of-law rules of the transferor court. *See Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990). That rule, however, does not apply when "a transfer stems from enforcement of a forum-selection clause." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 65 (2013); *see also McGrath v. Nationwide Mut. Ins. Co.*, 295 F. Supp. 3d 796, 811 n.3 (S.D. Ohio 2018). Therefore, the current forum's choice-of-law rules govern.

[2] Plaintiff attempts to evade the contract and its provisions by asserting tort claims, as opposed to contract claims. The contracts' choice-of-law provisions, however, extend beyond contract claims and encompass Plaintiff's tort claims as well. Because the choice-of-law provisions are broad and because the tort claims and the lease agreements are "very closely" related, as opposed to only tangentially related, the lease agreements' choice-of-law provisions apply to Plaintiff's tort claims. *Developers Diversified Realty Corp. v. Vidalakis*, No. 1:06-cv-234, 2008 U.S. Dist. LEXIS 108012, at *19-20, 2008 WL 5705708 (N.D. Ohio Feb. 14, 2005) (citing *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131 (6th Cir. 1991); *Banek Inc. v. Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357 (6th Cir. 1993)). The same is true under Delaware law. *See Standard Gen., L.P. v. Charney*, CA No. 11287-CB, 2017 Del. Ch. LEXIS 854, at *21-24; 2017 WL 8498063 (Del. Ch. Dec. 19, 2017).

683, 686 (Ohio 1983) (adopting Restatement § 187 for analyzing the enforceability of choice-of-law provisions).

> Section 187 of the Restatement provides, in relevant part:
>
> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either:
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of [Restatement] § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Id*. (citing Restatement (Second) of Conflict of Laws § 187 (Am. Law Inst. 1971)).

Ohio—the chosen law in nineteen of the twenty-eight lease agreements at issue—satisfies both prongs of Restatement § 187's test. BTL is an Ohio corporation and has its principal place of business in Ohio. Therefore, Ohio has a substantial relationship to the parties and the transaction, and there was a reasonable basis for the parties' choice of Ohio law. *See Wise*, 780 F.3d at 715 (concluding that a party's citizenship in a particular state provides a reasonable basis for choosing the law of that state). And Delaware—the chosen law in nine of the lease agreements—also satisfies the first prong of Restatement § 187's test because there was a reasonable basis for the parties' selection of Delaware law. *See* Restatement (2d) of Conflict of Laws § 187 cmt. f (noting that a "reasonable basis" is lacking when the parties' choice of law was made "in the spirit of adventure or to provide mental exercise for the judge"). The second prong of Restatement § 187's test is easily satisfied as well. Clearly, the parties' choice of Ohio law provides no opportunity for the application of law contrary to a fundamental policy of Ohio. Nor is Delaware law contrary to

6

any fundamental policy of Ohio that is relevant in this case. Because the parties' choice of Ohio law and Delaware law satisfy Restatement § 187's test, both choice-of-law provisions should be given effect.[3]

Although Ohio law governs nineteen of the lease agreements and Delaware law governs nine of the lease agreements, Ohio law and Delaware law are substantially similar and compel the same result for each of Plaintiff's claims. Therefore, regardless of which state's law is applied—Ohio's or Delaware's—Plaintiff's Complaint fails to state any claim upon which relief can be granted and the entire Complaint should be dismissed pursuant to Rule 12(b)(6).

### C. Plaintiff's breach-of-fiduciary-duty claim fails because there was no fiduciary relationship between the parties

Plaintiff fails to state a claim for breach of fiduciary duty because Plaintiff has not—and cannot—allege that a fiduciary relationship existed between the Parties. To state a claim for breach of fiduciary duty under Ohio law or Delaware law, the same elements must be established: (1) the existence of a fiduciary relationship, (2) failure to observe that duty, and (3) damages resulting proximately from that failure. *Strock v. Pressnell*, 527 N.E.2d 1235, 1243 (Ohio 1988); *Basho Techs. Holdco B, LLC v. Georgetown Basho Inv'rs, LLC*, CA No. 11802-VCL, 2018 Del. Ch. LEXIS 222, at *55-57, 2018 WL 3326693 (Del. Ch. July 6, 2018). In this case, the first element dooms Plaintiff's claim.

---

[3] It matters not that multiple contracts, containing choice-of-law provisions that select different states' laws, are at issue in this case. When multiple contracts with different choice-of-law provisions are in play, courts simply enforce all applicable choice-of-law provisions. *See, e.g.*, *McDorman v. D&G Props.*, NO. 5:18-cv-36-TBR, 2018 U.S. Dist. LEXIS 198324, at *20, 2018 WL 6133167 (W.D. Ky. Nov. 21, 2018) ("Some of Plaintiff's claims are based upon written operating agreements that contain choice-of-law provisions and are governed by the laws of the chosen states. Two of these written operating agreements are governed by Kentucky law, two by Indiana law, two by Missouri law, and two are governed by Tennessee law. Therefore, any court that decides this case will need to apply the law of multiple states."); *see also Thomas v. Lytle*, 104 F. Supp. 2d 906, 927 (M.D. Tenn. 2000) (analyzing the validity of two separate choice-of-law provisions in two contracts); *BKB Props., LLC v. Suntrust Bank*, No. 3:08-cv-529, 2009 U.S. Dist. LEXIS 16284, at *11 n.9 (M.D. Tenn. Mar. 2, 2009) (noting that two agreements contained different choice-of-law provisions but that the "problem present[ed] a question that [was] purely academic" because the outcome was the same under Tennessee law or New York law.").

In Ohio, a "fiduciary relationship" is "a relationship in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority and influence, acquired by virtue of this special trust." *Hoyt v. Nationwide Mut. Ins. Co.*, No. 04-AP-941, 2005 Ohio App. LEXIS 5700, at *18 (Ohio Ct. App. Dec. 1, 2005) (citing *Ed Schory & Sons, Inc. v. Soc'y Nat'l Bank*, 662 N.E.2d 1074 (Ohio 1996)). Likewise, "[u]nder Delaware law, a fiduciary relationship is a situation where one person reposes special trust in and reliance on the judgment of another or where a special duty exists on the part of one person to protect the interests of another." *Auriga Capital Corp. v. Gatz Props.*, 40 A.3d 839, 850 (Del. Ch. 2012).

Plaintiff's Complaint alleges only that "[a]s parties to the continuing lease agreements, Defendants and Plaintiff owed a fiduciary duty of the utmost good faith and loyalty to each other." (Doc. # 1 at ¶ 48). But neither Ohio nor Delaware law support that allegation. In fact, Ohio courts have held that a "contractual relationship alone does *not* automatically create a fiduciary duty." *Stuckey v. Online Res. Corp.*, No. 2:08-cv-1188, 2009 U.S. Dist. LEXIS 115625, at *38, 2009 WL 5030794 (S.D. Ohio Dec. 11, 2009) (citing *RPM, Inc. v. Oatey Co.*, CA Nos. 3282-M, 3289-M, 2005 Ohio App. LEXIS 1251 (Ohio Ct. App. Mar. 23, 2005) (emphasis added). And Delaware courts have held the same. *See Satellite Fin. Planning Corp. v. First Nat'l Bank*, 633 F. Supp. 386, 401 (D. Del. 1986) ("Under Delaware law, a contract, in itself, does not impose fiduciary duties on the contracting parties.").

"Even if the contract shows that plaintiff placed a 'quantum of trust' in [the] defendant that the defendant accepted, no fiduciary relationship can exist without superiority on the part of the defendant." *Id*. (citations omitted). The parties' "relationship arose out of a contract" and resulted from "arm's-length bargaining," and thus, "neither party was in a position of 'superiority' over the other." *Stuckey*, 2009 U.S. Dist. LEXIS 115625, at *38. "At best," Plaintiff's Complaint "alleges

8

that plaintiff unilaterally reposed confidence in" Defendants. *Applegate v. Fund for Constitutional Gov't*, 592 N.E.2d 878, 881 (Ohio Ct. App. 1990). "Such allegations are insufficient to establish the existence of a . . . fiduciary relationship upon which a claim for breach of fiduciary duty may be based." *Id*. Therefore, Plaintiff's sole allegation regarding the existence of a fiduciary relationship—that the Parties entered into a contract—is both legally and factually insufficient to state a cognizable breach-of-fiduciary-duty claim. Therefore, Plaintiff's breach-of-fiduciary-duty claim should be dismissed.

> **D. Plaintiff's breach-of-good-faith-and-fair-dealing claim is not a viable cause of action**

Plaintiff's breach-of-good-faith-and-fair-dealing claim also fails to state a claim upon which relief can be granted. Indeed, such a "claim" is not a viable cause of action in Ohio or in Delaware. Although "[p]arties to a contract are bound toward one another by standards of good faith and fair dealing," Ohio courts have held that "this does not stand for the proposition that breach of good faith exists as a separate claim." *Dawson v. Blockbuster, Inc.*, No. 86451, 2006 Ohio App. LEXIS 1138, at *14 (Ohio Ct. App. Mar. 16, 2006). "Instead, good faith is part of a contract claim and does not stand alone." *Id*. (citing *Wauseon Plaza, Ltd. P'ship v. Wauseon Hardware Co.*, 807 N.E.2d 953 (Ohio Ct. App. 2004)). Delaware courts have adopted the same approach to claims for breach of good faith and fair dealing. *See Corp. Prop. Assocs. 14 Inc. v. CHR Holding Corp.*, CA No. 3231-VCS, 2008 Del. Ch. LEXIS 45, at *17, 2008 WL 963048 (Del. Ch. Apr. 10, 2008); *see also Westway Holdings Corp. v. Tate & Lyle PLC*, No. 08-cv-841, 2009 U.S. Dist. LEXIS 41022, at *16, 2009 WL 1370940 (D. Del. May 13, 2009) (a breach-of-good-faith-and-fair-dealing claim "cannot be pled as a separate claim"). And neither Ohio nor Delaware law permit courts to impose duties not found in the contract, as Plaintiff attempts to do in this case. *Corp. Prop. Assocs. 14 Inc.*, 2008 Del. Ch. LEXIS 45, at *17 ("[T]he implied covenant of good

9

faith and fair dealing should not be applied to give the plaintiffs contractual protections that they failed to secure for themselves at the bargaining table."); *Third Fed. S&L Ass'n of Cleveland v. Formanik*, 64 N.E.3d 1034, 1049 (Ohio Ct. App. 2016) (holding that the covenant of good faith and fair dealing does not "supplant the express terms of the contract"). Because Plaintiff has not alleged a breach-of-contract claim or pointed to any provision of the contract that Defendants allegedly breached, Plaintiff's breach-of-good-faith-and-fair-dealing claim must be dismissed.

E. **Plaintiff has failed to plead its fraud claim with sufficient particularity**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the "liberal notice pleading" requirements of Rule 8(a)(2). *Memphis, Tenn. Area Local, Am. Postal Workers Union v. Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). "Plaintiffs who allege a claim of fraud," however, "must satisfy an additional requirement: 'In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 526 (6th Cir. 2007) (quoting Fed. R. Civ. P. 9(b)).

A pleading is sufficient under Rule 9(b) only if it "allege[s] the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)). "Stated differently, at a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 498 (6th Cir. 2014).

Plaintiff's Complaint fails the particularity requirements for fraud claims in three respects: the when, the where, and the who. There are no allegations regarding when the alleged fraudulent statements were made. Nor are there any allegations setting forth where the alleged fraudulent

10

statements were made. Moreover, there are no allegations about who, exactly, made the allegedly fraudulent statements. Rule 9(b) does not allow a complaint to merely lump multiple defendants together. *See In re Nat'l Century Fin. Enters., Inc. Inv'rs Litig.*, 504 F. Supp. 2d 287, 315 (S.D. Ohio 2007). Instead, Rule 9(b) "'requires plaintiffs to differentiate their allegations when suing more than one defendant … and [to] inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Id.* (quoting *Haskins v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). Therefore, in cases involving multiple defendants, "a plaintiff is required to meet the Rule 9(b) standard as to *each* defendant against whom fraud is alleged." *Id.* Plaintiff's Complaint fails to do this, opting for the vague collective term "Defendants," rather than specifying which alleged fraudulent statements or omissions are attributable to BTL and which are attributable to VTT. (Doc. # 1 at ¶¶ 35-44). *See Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) (holding that "general averments of fraud attributed to 'the defendants'" do not suffice because the allegations do not "enable a particular defendant to determine with what it is charged").

Plaintiff has failed to plead fraud with the particularity required by Rule 9(b). Accordingly, Plaintiff's fraud claim should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a claim against the Defendants upon which relief can be granted, and therefore, should be dismissed in its entirety.

Respectfully submitted,

*/s/ Gregory M. Utter*
Gregory M. Utter (32528)
Jacob D. Rhode (89636)
Amanda B. Stubblefield (97696)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513.579.6400
Fax: 513.579.6457
gmutter@kmklaw.com
jrhode@kmklaw.com
astubblefield@kmklaw.com

*Attorneys for Bush Truck Leasing, Inc.
and Vehicle Titling Trust*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon opposing counsel via the Court's electronic filing system this 25th day of March, 2019.

                                            */s/ Gregory M. Utter*
                                            Gregory M. Utter

9080855.1