UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SONET TRANSPORTATION AND LOGISTICS, INC.,** | ) ) ) |
| Plaintiff, | ) ) **Case No.: 1:19-cv-00208-TSB** ) |
| v. | ) ) **JUDGE TIMOTHY S. BLACK** |
| **BUSH TRUCK LEASING, INC.,** *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM IN OPPOSITION TO DEFENDANT BUSH TRUCK LEASING, INC. AND VEHICLE TITLING TRUST'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**I.      INTRODUCTION**

This action stems from Bush Truck Leasing, Inc.'s and Vehicle Titling Trust's (collectively "Defendants") fraudulent concealment and nondisclosure of material information related to 28 defective trucks (the "Trucks") Defendants leased to Sonet Transportation and Logistics, Inc. ("Sonet"). Defendants knew, through non-public information distributed by the manufacturer of the Trucks' engines, that the engines contained a defective fuel pump. Without a new fuel pump, the Trucks' engines would—and eventually did—become inoperable. Sonet had no access to the manufacturer's information, and could not discover the defect through reasonable inspection of the Trucks before entering the Leases. But once Sonet signed the Leases, it assumed responsibility for maintenance and repair of the Trucks. Since Defendants never communicated to Sonet the information necessary for Sonet to make good on the Trucks' warranty, or even correctly diagnose the problem, Sonet incurred more than $600,000 in damages for ongoing engine repairs, revenue loss, productivity, and reputation.

The Complaint alleges sufficient facts to support Defendants' duty—as a lessor with superior information concerning Sonet's contractual right—to disclose the information concerning the manufacturer's warnings, service bulletins, and warranty work. Indeed, the Leases specifically provide for the assignment of warranty rights to Sonet, but Defendants withheld the very information that would have enabled Sonet to exercise its contractual rights. For these reasons, and as set forth below, the Complaint adequately pleads claims for fraudulent concealment and nondisclosure, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. Defendants' motion to dismiss should be denied.

## II. FACTUAL BACKGROUND

Sonet is a San Diego trucking company, providing transportation services to customers throughout California. (Compl. ¶¶ 1, 10.) Between March and November 2015, Sonet signed 28 separate lease agreements with Defendants (the "Leases") for 28 Trucks. (Compl. ¶¶ 12(a)-(bb).) Under the Leases, Defendants remained the registered owners of the Trucks, but Sonet was responsible for all the maintenance and repairs. (Compl. ¶ 14.) The Leases expressly provided that Sonet had the right to "any warranty of a manufacturer or seller relating to the Vehicles available to Lessor." (Lease ¶ 9.)

During their respective lease terms, the Trucks suffered from various engine problems where the engine would stall and render the truck useless. (Compl. ¶ 17-18.) Because of these engine problems Sonet incurred extensive damages including, but not limited to, towing costs, repair and replacement costs, lost revenue, loss of customers, and damage to its reputation as a reliable delivery source. (Compl. ¶ 17.)

Each of the Trucks contained an engine manufactured by Cummins, Inc., equipped with Cummins ISX15 CM2250 fuel pump. (Compl. ¶ 16.) In May of 2014, nearly one year before

10880252.1

execution of the Leases, Cummins issued a Technical Service Bulletin (the "Bulletin") to all distributors and owners of trucks with the Cummins ISX15 CM2250 fuel pump. The Bulletin advised that the fuel pump, if left un-replaced, would slowly disintegrate, causing significant damage to the engine. (Compl. ¶¶ 19-20.) The Bulletin was issued only to registered distributors, owners, and service/repair providers, such as Defendants—not to lessors of the Trucks such as Sonet**.** (Compl. ¶ 21.)

Then in May 2015—before most of the Leases were entered—Cummins began a field campaign to replace the faulty fuel pumps. (Compl. ¶¶ 22, 32.) Just as before, Cummins sent notice only to registered distributors, owners, and service/repair providers, including Defendants but not Sonet. (*Id.*) In June 2015, Cummins amended its field campaign, and a third time informed Defendants and other registered distributors, owners, and service/repair providers that the engines in the Trucks contained a defective fuel pump that would severely damage the engine if not replaced. (Compl. ¶¶ 23, 32.)

Despite Defendants' knowledge of the defective fuel pump, they did not disclose that information to Sonet prior to the execution of any of the Leases. (Compl. ¶¶ 25-31.) And after the Leases were entered, Sonet had a contractual right to "any warranty of a manufacturer or seller relating to the Vehicles available to Lessor" (Lease ¶ 9), but Defendants did not inform Sonet that Cummins had identified the defect as a warranty issue and had offered to make good on its warranty through a free or low-cost replacement of the defective part. (Compl. ¶¶ 25-31.) The Bulletin and subsequent campaign were not disclosed to the general public and Sonet was not a registered distributor, owner, or service/provider of Trucks. (Compl. ¶ 32.) Sonet therefore had no way of knowing that the Trucks it was leasing from Defendants had defective fuel pumps. Without that knowledge, Sonet was deprived of the benefit of its bargain and—compelled by its

own contractual repair obligations—Sonet continued to repair and maintain these Trucks to a tune of over $600,000. (Compl. ¶¶ 32-34.) All of these costs and damages could have been avoided if Defendants disclosed or relayed the information from Cummins to Sonet. (Compl. ¶ 34.)

III.     **ARGUMENT**

    **A. Sonet has sufficiently pleaded a claim for fraudulent concealment and/or fraudulent nondisclosure.**

Sonet's first claim rests at the heart of its case, and it is therefore telling that Defendants leave their argument concerning this claim until the end of their motion. Sonet's Complaint clearly sets forth its allegations that Defendants possessed superior information concerning the Trucks' condition and a warranty-covered repair, which Sonet had no way of knowing or discovering before it was too late. Defendants' superior information in connection with Sonet's contractual rights imposed on Defendants a duty to disclose that information. Yet Defendants failed to take the simple step of communicating that information to Sonet.

A claim of fraudulent concealment or fraudulent nondisclosure requires pleading six elements: (1) an actual concealment, or silence in the face of a duty to speak; (2) a material fact; (3) knowledge of the fact concealed; (4) intent to mislead another into relying upon such conduct; (5) actual reliance by another person having the right to so rely; and (6) injury resulting from such reliance. *McCann v. Anastasio*, 11th Dist. Portage No. 2000-P-0078, 2001 Ohio App. LEXIS 4514, *6 (Oct. 5, 2001); *Air Prods. & Chems., Inc. v. Wiesemann*, 237 F. Supp. 3d 192, 214-15 (D. Del. 2017).

Under both Ohio and Delaware law, a lessor has a duty to fully disclose known latent defects that the lessee cannot discover through reasonable inspection. *See Layman v. Binns*, 35 Ohio St. 3d 176, 178 (1988) (holding that a vendor has a duty to disclose material facts which are

latent, not readily observable or discoverable through a purchaser's reasonable inspection.); *Klott v. Assocs. Real Estate*, 322 N.E.2d 690, 692 (Ohio Ct. App. 1974) ("Certainly there is fraudulent concealment where a lessor or vendor fails to reveal to a lessee or vendee sources of peril of which he is aware and which are not discoverable by the lessee or vendee."); *Brandt v. Yeager*, 57 Del. 326, 331, 199 A.2d 768, 771 (Del. Super. Ct. 1964) (imposing liability on a lessor who "knew or had reason to believe a latent defect existed at the time of the letting, and failed to disclose or concealed such information from the tenant"); *Lock v. Schreppler*, 426 A.2d 856, 863 (Del. Super. Ct. 1981) (permitting fraudulent concealment claim where the plaintiffs alleged that the defendant concealed the extent of a termite problem). A fiduciary relationship also gives rise to a duty to disclose. *See Gen. Acquisition, Inc. v. GenCorp Inc.*, 766 F. Supp. 1460, 1479 (S.D. Ohio 1990); *Metro Commc'ns Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 154 (Del. Ch. Ct. 2004); *see infra* Section III.B.

Notably, Defendants do not claim that Sonet has failed to allege a claim of fraudulent concealment or fraudulent nondisclosure. In fact, it is clear that the Complaint *does* allege such a claim. Sonet has specifically alleged "*what*" information was concealed (knowledge of the defective ceramic fuel pump and the related technical service bulletin) (Compl. ¶¶ 20-31, 36-38), "*why*" the information was concealed (to induce Plaintiff to enter into the Leases) (Compl. ¶¶ 38-39), "*how*" the information was concealed (failing to disclose their knowledge of a defect undetectable by Plaintiff and the related technical service bulletins) (Compl. ¶¶ 37-39), and "*when*" the information was concealed (before entering into the Leases and upon visually inspecting the Trucks) (Compl. ¶¶ 37-38).

Instead, Defendants argue that the allegations do not satisfy Rule 9(b) because the allegations are made collectively against both Defendants and because the Complaint does not

5

identify when or where the "fraudulent statements" were made. Motion at 11. But the Complaint never alleges "fraudulent statements," and Rule 9(b) does not require this type of specificity for fraudulent concealment or nondisclosure. Each of Defendants' cases involves claims of affirmative misrepresentations, not concealment or nondisclosure. In the one case that does involve claims of both affirmative misrepresentation and concealment, *In re National Century Financial Enterprises*, the court required specific allegations for individual defendants only as to the misrepresentation claims, but *not* as to the concealment claims. *See In re Nat'l Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287, 315–16 (S.D. Ohio 2007).

That result logically follows from the differences between a misrepresentation and a nondisclosure claim: a particular defendant must have made a particular misrepresentation, but a failure to disclose information, if committed by multiple defendants, cannot be pleaded any more specifically than that. In this case, the failure to disclose was ongoing, continuous, and committed by both Defendants equally. Sonet cannot allege information solely in the possession of Defendants, such as which particular individuals had the information and who bore internal responsibility for it. In short, since Sonet has alleged fraudulent concealment and nondisclosure, not "fraudulent statements," Rule 9(b) does not require more detail than Sonet has provided. *See, e.g., Parillo v. Werner Co.* No. 3:14–cv–369, 2015 WL 4556257, *3 (S.D. Ohio July 28, 2015) (denying motion to dismiss fraudulent concealment claim made on Rule 9(b) grounds); *Asp v. Toshiba Am. Consumer Prods., LLC*, 616 F. Supp. 2d 721, 735–36 (S.D. Ohio 2008) (same, and noting that "Plaintiff is not required to plead facts that are solely in Toshiba's possession").

Because Sonet's allegations satisfy the requirements of Rule 9(b), Defendants' motion to dismiss the fraudulent concealment and/or nondisclosure claim should be denied.

10880252.1

**B. The Complaint sufficiently alleges breach of fiduciary duty because Defendants had superior knowledge unknown to Sonet that they failed to disclose.**

To plead a claim for breach of fiduciary duty, a complaint must allege (1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom. *Akerstrom v. 635 W. Lakeside, Ltd.*, 2018-Ohio-98, 105 N.E.3d 440, ¶ 18 (Ohio Ct. App.). "The term 'fiduciary relationship' has been defined as a relationship in which special confidence and trust is reposed in the integrity and fidelity of another, and there is a resulting position of superiority or influence acquired by virtue of this special trust." *McConnell v. Hunt Sports Enters.*, 725 N.E.2d 1193, 1215, 687 (Ohio Ct. App. 1999).

Whether a fiduciary relationship exists, is a question of fact. *Combs v. Crown Life Ins.*, No. 1:07-CV-00151, 2008 WL 641557, *7 (S.D. Ohio Mar. 4, 2008) (citing *Prudential Ins. Co. v. Eslick*, 586 F. Supp. 763, 766 (S.D. Ohio, 1984)). Questions of fact are not suited for resolution at the pleading stage but should rather be resolved later in the proceeding after discovery has been conducted. *Antioch Litig. Tr. v. McDermott Will & Emery LLP*, 738 F. Supp 2d 758, 771 (S.D. Ohio 2010) ("Because the inquiry as to whether a fiduciary relationship exists is necessarily fact-specific, a claim alleging the existence of a fiduciary duty is usually not subject to dismissal under Rule 12(b)(6).").

Here, the Complaint alleges Defendants, as parties to the Leases with superior knowledge of available warranty information, owed a fiduciary duty to Sonet. (Compl. ¶ 48.) *See Gen. Acquisition, Inc. v. Gencorp, Inc.*, 766 F. Supp. 1460, 1471 (S.D. Ohio 1990) (holding that a fiduciary relationship need not be created by contract and may arise out of one party in the relationship possessing superior knowledge.); *Petenbrink v. Superior Home Builders, Inc.*, 1999 WL 1223786, *2 (Del. Super. Ct. Nov. 1, 1999) ("[W]here the party in whom 'trust and confidence' is placed has superior knowledge of . . . the matter covered by the contract, then the

7

10880252.1

relationship between those parties is fiduciary in nature."). Although no Ohio or Delaware court has specifically addressed the commercial lessor/lessee situation at issue here, in other jurisdictions allegations that a defendant possesses superior knowledge is sufficient to allege a fiduciary duty. *See, e.g.*, *Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1004 (C.D. CA 2006) (applying California law).

As a lessor of the Trucks, Sonet was not a registered owner, distributor, or service/repair provider of Cummins engines—the only parties who received notification of the Bulletin and subsequent field campaigns related to the defective fuel pump. (Compl. ¶¶ 21-31.) Defendants, as registered owners of the Trucks, did receive the Bulletin and all information regarding the field campaigns. (Compl. ¶¶ 27-31.) As the registered owners of the Trucks, Defendants were in the sole position to acquire material information regarding the engines. Sonet was unaware, and had no way to learn, that it was leasing trucks with engines containing a known defect. (Compl. ¶ 32.) Without that information, Sonet had no way to exercise its contractual right under Paragraph 9 of the Leases to the manufacturer's warranty.

As the sole possessor of that superior knowledge, Defendants assumed the position of a fiduciary, as Sonet entrusted Defendants to disclose any material information regarding the Trucks' warranty that only Defendants knew. Defendants knew that Sonet was required to maintain and repair the Trucks, and that Defendants would hold Sonet responsible for the damages to the Trucks. (Compl. ¶ 14.) By failing to disclose the Bulletin and Cummins' field campaign, Defendants breached their fiduciary duties to Sonet, resulting in significant damages. (Compl. ¶¶ 56-58.)

Defendants' motion to dismiss Sonet's breach of fiduciary duty claim should be denied because Sonet's Complaint sufficiently alleges that the parties entered into a trusted lessor/lessee

10880252.1

relationship and that Defendants failed to disclose material information they, and only they, possessed.

### C. Sonet has properly pled a breach of the covenant of good faith and fair dealing.

The covenant of good faith and fair dealing exists in every transaction and prevents one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. *Florence Urgent Care v. HealthSpan, Inc.*, 445 F. Supp. 2d 871, 879 (S.D. Ohio 2006). "This is particularly so when one party has direct influence over the satisfaction of a condition precedent." *M3 Producing, Inc. v. Tuggle*, 2017-Ohio-9123, 91 N.E.3d 805, ¶ 24 (Ohio Ct. App.) (quoting *Weckel v. Cole + Russell Architects*, 2013-Ohio-2718, 994 N.E.2d 885 (Ohio Ct. App.)). Defendants' motion to dismiss this claim should be denied as Sonet has properly pled this claim.

As alleged, the parties entered a contractual relationship upon executing the Leases. (Compl. ¶ 12.) Despite Sonet's fulfillment of its contractual obligations, (Compl. ¶¶ 14, 17, 34, 57.), Defendants wrongfully prevented Sonet from receiving the benefits under the Leases (i.e. functioning trucks) by failing to disclose a defect and simple repair solution known to them but unknown to Sonet. (Compl. ¶¶ 54-57.) Defendants had sole possession of that information, which Sonet needed before it could exercise its contractual right to the warranty on the Trucks' engines. Defendants' withholding of that information caused Sonet to incur substantial damages, including lost revenue, diminished reputation, unnecessary repair and tow costs. (Compl. ¶¶ 34, 58.) Yet, despite Defendants' failure to disclose this "simple fix," Defendants' demanded that Sonet expend hundreds of thousands of dollars to fix the Trucks, to ensure the continuing value of the Trucks owned by Defendants.

9

## IV. CONCLUSION

For the foregoing reasons, Sonet Transportation respectfully requests that this Court deny Defendants' Motion to Dismiss.

        Respectfully submitted,

*/s/ Jeffrey A. Yeager*
Jeffrey A. Yeager (0068062) (Trial Counsel)
Christopher P. Gordon (0092171)
Hahn Loeser & Parks LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 233-5128
Facsimile: (614) 221-5909
Email: jyeager@hahnlaw.com
      cgordon@hahnlaw.com

and

Mark Angert, Esq. (*pro hac vice* pending)
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, CA 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755
Email: Mangert@swsslaw.com

*Counsel for Sonet Transportation and Logistics, Inc.*

10880252.1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon opposing counsel via the Court's electronic filing system this 15th day of April 2019.

>  */s/ Jeffrey A. Yeager*
>  *Counsel for Plaintiff*

10880252.1